UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TERRANCE L. JOHNSON,

      Petitioner,

v.

WARDEN DOUGLAS PERCY,

      Respondent.

Case No. 16-CV-1593-PP

---

**ORDER SCREENING §2254 *HABEAS CORPUS* PETITION (DKT. NO. 1), AND ORDERING THE RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

---

Terrance L. Johnson, who is proceeding without a lawyer, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. He has paid the $5.00 filing fee. The case is before the court for screening under Rule 4 of the Rules Governing §2254 Proceedings.

**I.    BACKGROUND**

In Milwaukee County Circuit Court, a jury convicted the petitioner of four counts of uttering a forgery, six counts of identity theft and three counts of theft by fraud. Dkt. No. 1 at 1.[1] At sentencing, the state recommended a sentence of ten years of initial confinement, followed by ten years of extended supervision. Dkt. No. 1-3 at 15. After going through the history of the case and the petitioner's history, Milwaukee County Circuit Court Judge David A. Hansher said that based on all of that information, his evaluation of the case

---

[1] State of Wisconsin v. Terrance L. Johnson, Case No. 2011CF001601, available at https://wcca.wicourts.gov.

1

was that the defendant "deserved approximately 10 years overall of initial confinement and a period of extended supervision." Id. at 34. Judge Hansher told the defendant that the state's recommendation was in line with what he'd concluded, and that the state's recommendation was "more than fair and equitable" and "a bit lighter than what I was thinking of." Id. He concluded by saying that he was going to follow the state's recommendation. Id. at 35.

Judge Hansher then imposed specific sentences on each count. He imposed the following sentences per count:

| | |
|---|---|
| Count One: | One year of confinement. |
| Count Two: | Twelve months (one year) of confinement, to run concurrently to the sentence imposed on Count One. |
| Count Three: | One year of confinement. |
| Count Four: | One year of confinement (apparently, concurrent to Count Three, but consecutive to Count One, id. at 36). |
| Count Five: | Three years of confinement, concurrent to the sentences imposed for Counts Seven, Nine and Eleven. |
| Count Six: | Three years of confinement, consecutive to the sentence in Count One. |
| Count Seven: | Five years of confinement, consecutive to the sentence in Count One. |
| Count Eight: | Three years of confinement concurrent to the sentence in Count Six, but consecutive to the sentence in Count One. |
| Count Nine: | Five years of confinement, concurrent to the sentence in Count Seven, but consecutive to the sentence in Count One. |
| Count Ten: | Three years of confinement, concurrent to the sentences in Counts Six and Eight, but consecutive to the sentence in Count One. |

2

| | |
|---|---|
| Count Eleven: | Five years of confinement, concurrent to the sentences in Counts Seven and Nine, but consecutive to the sentence in Count One. |
| Count Twelve: | Three years of confinement, concurrent to the sentences in Counts Six, Eight and Ten, but consecutive to the sentence in Count One. |
| Count Thirteen: | Three years of confinement, concurrent to the sentences in Counts Six, Eight, Ten and Twelve, but consecutive to the sentence in Count One. |

Id. at 34 through 41.

At various points during the sentencing hearing, Judge Hansher questioned the prosecutor, or even questioned himself, about whether a sentence on a particular count ought to be consecutive or concurrent to sentences on other counts. He appears to have viewed the counts in groups—Counts One and Two as one group, Counts Three and Four as another, Counts Seven, Nine, and Eleven as a third, and Counts Five, Six, Eight, Ten, Twelve and Thirteen as a fourth. He appears to have been trying to impose a sentence of one year on the first group, one year consecutive on the second group, five years consecutive on the third group, and three years consecutive on the fourth group, for a total of ten years of confinement. But because he was proceeding count by count (and, at points, was interrupted by the clerk's phone ringing, or by the clerk stopping him to ask him to repeat or clarify), the transcript does not read so clearly.

For example, when Judge Hansher reached Count Two, he said that he was imposing a one-year sentence in Count Two to run "consecutive" to the sentence imposed on Count One. He then asked, "Isn't that what the state was

3

recommending?" The prosecutor replied, "The state was recommending that they be concurrent to count one, consecutive to all other counts." Judge Hansher replied, "Isn't that the same thing if I make count two consecutive to count one?" The prosecutor answered, "I guess it would be." Judge Hansher then said, "Okay. So that's what my intent is." Dkt. No. 1-3 at 35. Toward the end of the sentencing, however, when Judge Hansher was in the process of imposing the five-year concurrent sentences on Counts Seven, Nine and Eleven, the state pointed out that perhaps Judge Hansher had imposed a sentence that exceeded ten years of confinement. The following exchange occurred:

> DEFENDANT'S STAND-BY COUNSEL: If counts one and two are consecutive –
>
> PROSECUTOR: I think –
>
> THE COURT: That's six.
>
> PROSECUTOR: You made count two concurrent to count one, then –
>
> THE COURT: Count two is – Right. Count two is concurrent to count one. It wasn't consecutive.
>
> THE CLERK: I have consecutive.
>
> THE COURT: Hold on. Let me see.
>
> PROSECUTOR: You misspoke I think.
>
> THE COURT: Then I'm wrong. Count two is concurrent to count one. It was not consecutive. I agree with the state. I said consecutive.
>
> THE CLERK: Okay.
>
> STAND-BY COUNSEL: It should be concurrent, though, right?

> THE COURT: Count two.
>
> STAND-BY COUNSEL: Yes.
>
> THE COURT: Right. Concurrent to count one.

Id. at 40-41. Once that was settled, the court stated, "The total should come out to 10 years initial confinement, 10 years of extended supervision. That's the intent of the court of the overall sentencing which is extremely complicated in this case. The most complicated sentencing I've had." Id. at 41.

The court issued a written judgment on June 8, 2012. Dkt. No. 1-1. It read as follows:

| Ct. | Sentence | Type | Concurrent with/Consecutive To Comments |
|---|---|---|---|
| 1 | State prison | Consecutive | Consecutive to all other counts. Credit for 365 days. |
| 2 | State prison | Concurrent | Concurrent to count one. |
| 3 | State prison | Concurrent | Concurrent to count four, but consecutive to count one. Credit for 61 days. |
| 4 | State prison | Concurrent | Concurrent to count three, but consecutive to count one. |
| 5 | State prison | Concurrent | Concurrent to counts seven, nine and 11, but consecutive to count one. |
| 6 | State prison | Concurrent | AS TO COUNTS SIX, EIGHT, TEN AND 12 EACH: Concurrent to each other, but consecutive to count one. |
| 7 | State prison | Concurrent | AS TO COUNTS SEVEN, NINE AND 11: Concurrent to each other, but consecutive to count one. |
| 8 | State prison | Concurrent | See count six. |
| 9 | State prison | Concurrent | See count seven. |
| 10 | State prison | Concurrent | See count six. |
| 11 | State prison | Concurrent | See count seven. |
| 12 | State prison | Concurrent | See count six. |
| 13 | State prison | Concurrent | Concurrent to counts six, eight, 10 and 12, but consecutive to count one. |

Id. at 1.

The words "consecutive to all other counts" in relation to Count One made it appear as though Judge Hansher had intended each of the sentences imposed on Counts Two through Thirteen to run *consecutively* to the sentence imposed in Count One, resulting in a sentence of far more than ten years. It appears that the Department of Corrections caught this, because the on-line docket for the Milwaukee County Circuit Court shows that on July 27, 2012, the court received a letter from the Department of Corrections, "seeking clarification about sentence structure as to counts one and two." State v. Johnson, Case no. 2011CF001601, available at https://wcca.wicourts.gov. On August 9, 2012, the court issued an amended judgment, which stated as to the sentence imposed on Count One, "ORDER dated 8-7-2012, removes language stating 'consecutive to all other counts." Credit 365 days." Id. at 2. Neither written judgment states that Judge Hansher intended to impose a total sentence of ten years of confinement.

The petitioner asserts in his petition that Judge Hansher did not follow the state's recommendation to impose a ten-year sentence, and that he instead imposed a "valid sentence of 6 years initial confinement 6 years extended supervision with 426 days sentence credit." Dkt. No. 1 at 2. It is not clear how the petitioner came up with this calculation. At any rate, the petitioner indicates that after he had served four years and ten months of confinement, the Department of Corrections lowered his security classification to community custody, and let him work in the community at a McDonald's in Union Grove, Wisconsin. Dkt. No. 1 at 2. The petitioner indicates that the Department of

Corrections looked at the actual sentencing transcript, saw Judge Hansher's statement that he intended to impose a sentence of ten years, and concluded that that sentence conflicted with the written judgment—which, the plaintiff indicates, the Department of Corrections believed reflected a maximum sentence of twelve years. Id.

The petitioner says that "at the direction of the Department of Corrections," on February 2, 2016, he filed a *pro se* request in Milwaukee County Circuit Court to amend the judgment of conviction to reflect his understanding of the court's intent to impose a ten-year *total* sentence (confinement and extended supervision). Id.; but see Dkt. No. 1-3 at 41 (excerpt from the sentencing transcript: "THE COURT: The total should come out to 10 years initial confinement, 10 years of extended supervision.")). See also, State v. Johnson, Case No. 2011CF001061, dkt. entry 44. On February 3, 2016, Circuit Court Judge Dennis R. Cimpl issued an order amending the judgment of conviction. Dkt. No. 1-2.

Judge Cimple said that, while Judge Hansher had made it clear at the sentencing hearing that he intended to impose a sentence of ten years of confinement, "[t]he Department of Corrections has informed the court that under the June 9, 2015[2] judgment, counts three through thirteen are running concurrently with each other and consecutive to count one, which results in a total sentence of *six* years of initial confinement and *six* years of extended

---

[2] Judge Cimple appears to have been referring to another amended judgment, issued on June 9, 2015 as the result of a June 4, 2015 order from Judge Timothy Witkowiak. State v. Johnson, Case No. 2011CF001061 at dkt. entry 55. The petitioner did not attach this amended judgment to his petition.

7

supervision." Id. at 2. Judge Cimple stated that this was not what Judge Hansher had intended, and he walked through what Judge Hansher had done at sentencing. Id. He found that while Judge Hansher had not explicitly articulated the grouping of the counts in such a way that the math added up to ten years, Judge Hansher "could not have been more clear" about his intent to impose a term of ten years of confinement. Accordingly, Judge Cimple amended the judgment in a way that resulted in a sentence of ten years of confinement. Id. at 3.

The petitioner appealed.[3] On September 28, 2016, the court of appeals affirmed the trial court's order denying post-conviction relief and its order denying reconsideration. Id. A few days later, the petitioner filed an additional motion for relief with the court of appeals, which it denied on October 6, 2016. Id. The petitioner attempted to file a petition for review with the Wisconsin Supreme Court, but the court refused to accept the petition without the filing fee; the petitioner asserts that his conditions of confinement prevented him from filing a timely, notarized fee waiver request. Dkt. No. 1 at 4.

On November 30, 2016, the petitioner filed this federal *habeas* petition. Id. at 1. He alleges that Judge Cimpl abused his discretion, and imposed a new sentence in violation of the petitioner's constitutional protection against Double Jeopardy. Id. at 4-5, 7.

---

[3] State of Wisconsin v. Terrance L. Johnson, Case. No. 2015AP000673, Wis. Ct. App, available at https://wscca.wicourts.gov/.

## II. THE PETITIONER MAY PROCEED ON THE CLAIMS IN HIS PETITION.

The court now will review, or "screen" the petition. Rule 4 of the Rules Governing §2254 Proceedings says:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

At this stage, this court reviews the petition and attached exhibits to determine whether the petitioner has set forth claims arising under the Constitution or federal law that are cognizable on *habeas* review.

From the face of the petition, it appears that the petitioner states a cognizable claim. Therefore the court will allow the claims in the petitioner's *habeas* case to proceed. The court notes, however, that the respondent has not had an opportunity to weigh in; nothing in this order prevents the respondent from arguing that the petitioner has not exhausted his claims, or that his claims are procedurally barred. The court expresses no view on the merits of the petitioner's claim; the court finds only that the petitioner has stated claims of a type that are generally cognizable on *habeas* review.

## III. CONCLUSION

The court **ORDERS** that the petitioner may proceed on the claims in his *habeas* petition. Dkt. No. 1.

The court **ORDERS** that within **sixty (60)** days of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition,

complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties shall comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) within **forty-five (45) days** after the respondent files his answer, the petitioner shall file a brief in support of his petition;

(2) within **forty-five (45) days** after the petitioner files his initial brief, the respondent shall file his brief in opposition; and

(3) within **thirty (30) days** after the respondent files his opposition brief, the petitioner may file a reply brief, if he chooses to do so.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner shall file a brief in opposition to that motion within **forty-five (45) days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, he shall do so within **thirty (30) days** of the date the petitioner files the opposition brief.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Under the Memorandum of Understanding between the Attorney General and this court, the Attorney General for the State of Wisconsin and Paul

Kemper, Warden of the Racine Correctional Institution will receive copies of the petition and this order electronically.

Dated in Milwaukee, Wisconsin this 22nd day of June, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**