# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TERRANCE L. JOHNSON,**

    Petitioner,

  v.                                                     Case No. 16-CV-1593

**WARDEN DOUGLAS PERCY,**

    Respondent.

## DECISION AND ORDER

Terrance L. Johnson, a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Johnson was convicted of four counts of uttering a forgery, six counts of identity theft, and three counts of theft by fraud. Johnson alleges that his conviction and sentence are unconstitutional on the grounds that the circuit court judge abused his discretion by resentencing him based upon erroneous information and that his resentencing violated double jeopardy protections. (Habeas Petition, Docket # 1.) The respondent has moved to dismiss Johnson's petition on the grounds that Johnson procedurally defaulted the claims in his petition. For the reasons stated below, the respondent's motion to dismiss is granted and the petition for writ of habeas corpus will be denied.

## BACKGROUND

Following a jury trial, Johnson was convicted of three counts of theft by fraud, four counts of forgery, and five counts of identity theft, all as a party to a crime. The jury also found him guilty of an additional count of identity theft that did not include the party-to-a-crime modifier. (*State v. Johnson*, 2015AP673 (Wis. Ct. App. Sept. 28, 2016), Docket # 15-4.) At sentencing, the state

recommended a sentence of ten years of initial confinement, followed by ten years of extended supervision. (Transcript of June 6, 2012 Sentencing Hearing, Docket # 1-3 at 15.) After going through the history of the case and Johnson's history, Milwaukee County Circuit Court Judge David A. Hansher said that based on all of that information, his evaluation of the case was that Johnson "deserved approximately 10 years overall of initial confinement and a period of extended supervision." (*Id.* at 34.) Judge Hansher told Johnson that the state's recommendation was in line with what he had concluded and stated that he was going to follow the state's recommendation. (*Id.* at 34-35.)

As the court noted in its Rule 4 Order, the sentencing transcript does not read very clearly and at "various points during the sentencing hearing, Judge Hansher questioned the prosecutor, or even questioned himself, about whether a sentence on a particular count ought to be consecutive or concurrent to sentences on other counts." (Docket # 5 at 3.) However, Judge Hansher concluded that his intent was to sentence Johnson to ten years of initial confinement followed by ten years of extended supervision. (Docket # 1-3 at 41.) When the court issued its written judgment on June 8, 2012, the words "consecutive to all other counts" was listed in relation to count one, which "made it appear as though Judge Hansher had intended each of the sentences imposed on counts two through thirteen to run *consecutively* to the sentence imposed in count one, resulting in a sentence of far more than ten years." (Docket # 5 at 5-6.)

The Department of Corrections caught this and filed a letter seeking clarification as to the sentence structure for counts one and two. (*Id.* at 6.) The court issued an amended judgment on August 9, 2012, which removed the "consecutive to all other counts" language from count one. (*Id.*) Johnson filed a direct appeal, alleging that the evidence at trial was insufficient to support his

convictions and that the State lacked jurisdiction as to five of those convictions. (Resp. Br. at 2, Docket # 15.) The Wisconsin Court of Appeals affirmed Johnson's judgment of conviction on July 29, 2014 in Appeal No. 2013AP1429. (*Id.*)

In 2015, Johnson filed a Wis. Stat. § 974.06 motion in the circuit court, alleging that he had newly discovered evidence in the form of affidavits from several individuals allegedly admitting their involvement in the crimes of which Johnson was convicted, and contending that evidence showed that a police officer compelled one of the witnesses at Johnson's trial to lie. (*Id.* at 2-3.) The circuit court denied Johnson's motion and Johnson appealed. (*Id.* at 3.) This appeal became case no. 2015AP673. On February 1, 2016, the court of appeals remanded the case for fact finding, but retained jurisdiction over the appeal. (Docket # 15-3 at 6.) The court of appeals specifically ordered fact finding regarding the authenticity of the affidavits Johnson submitted as newly discovered evidence. (*Id.*)

On February 2, 2016, Johnson filed a *pro se* motion with the circuit court seeking to amend his judgment of conviction to reflect Judge Hansher's intent to impose a ten year sentence. (Docket # 1-2.) In an order dated February 3, 2016, Milwaukee County Circuit Court Judge Dennis R. Cimpl amended Johnson's judgment of conviction. (*Id.*) In the order, Judge Cimpl noted that the Department of Corrections had informed the court that under the judgment, counts three through thirteen were running concurrently with each other and consecutive to count one, which resulted in a total sentence of six years of initial confinement and six years of extended supervision. (*Id.* at 2.) Judge Cimpl stated that was "not what Judge Hansher intended. He specifically intended to impose a sentence totally ten years of initial confinement and ten years of extended supervision." (*Id.*)

Johnson filed another *pro se* motion for sentence modification on May 9, 2016, which the court interpreted as a motion to reconsider its February 3, 2016 order. (Docket # 15-5 at 8.) Johnson alleged that the court's February 3, 2016 order increased the sentence imposed by Judge Hansher in violation of the Double Jeopardy Clauses of the United States and Wisconsin Constitutions. (*Id.*) The court denied Johnson's motion on June 2, 2016, stating that the court did not increase Judge Hansher's sentence; rather, the court found that Judge Hansher intended to impose an overall sentence of ten years of initial confinement and ten years of extended supervision and ordered the judgment of conviction amended to effectuate that intent. (*Id.*) Thus, the Double Jeopardy Clause was not implicated. (*Id.*) Johnson did not appeal this decision. (Resp. Br. at 3.)

On September 28, 2016, the Wisconsin Court of Appeals affirmed the postconviction order denying Johnson relief as to his newly discovered evidence claim. (Docket # 15-4.) On October 3, 2016, Johnson filed a document in the court of appeals entitled "Motion for Relief." (Docket # 15-5.) In the motion, Johnson argued that Judge Hansher sentenced him to six years of initial confinement and six years of extended supervision and that Judge Cimpl improperly increased his sentence to ten years of initial confinement and ten years of extended supervision. (*Id.* at 1.) Johnson noted that he did not file a timely appeal of Judge Cimpl's June 2, 2016 order because Johnson "was waiting for his appeal to be concluded [in case no. 2015AP673], and at which time Johnson was going to request that Judge Cimpl reconsider his decision increasing Johnsons [sic] sentence." (*Id.* at 3.)

On October 6, 2016, the court of appeals denied Johnson's "Motion for Relief." (Docket # 15-6.) The court of appeals found that Johnson's "Motion for Relief" was asking the court to review circuit court orders entered on May 16, 2016 and June 2, 2016; however, Johnson never timely filed a notice of appeal of those orders. (*Id.* at 2.) The court of appeals noted that Johnson's motion

showed that he made a strategic choice to file additional motions in circuit court rather than file a notice of appeal (i.e., Johnson stated that he was waiting for his appeal to conclude and was then going to file a motion for reconsideration). (*Id.*) Thus, the court of appeals found that Johnson's choice "provides no basis for this court to review an order from which Johnson has not appealed and that the circuit court entered after the appeal in this matter was well underway." (*Id.*)

On November 14, 2016, Johnson filed a state habeas corpus petition in the Wisconsin Supreme Court in case no. 2016AP2204. (Docket # 15-8.) Johnson raised the sentencing issue, alleging that his due process and double jeopardy rights were violated. (*Id.*) The Wisconsin Supreme Court denied Johnson's habeas petition on May 15, 2017. (Docket # 15-9.) Johnson filed a federal habeas corpus petition on November 30, 2016. (Docket # 1.)[1]

## ANALYSIS

Johnson challenges Judge Cimpl's decision to amend his judgment of conviction to effectuate Judge Hansher's sentencing intent. Johnson argues Judge Cimpl abused his discretion and violated his double jeopardy protections. (Docket # 1.) The respondent argues that Johnson procedurally defaulted these claims.

A federal court may not entertain a petition from a prisoner being held in state custody unless the petitioner has exhausted his state remedies. 28 U.S.C. § 2254(b)(1)(A). A claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). With some exceptions, a petition for writ

---

[1] Johnson has also filed a motion for release pending the resolution of the petition for writ of habeas corpus. (Docket # 13) and a motion for default judgment (Docket # 16). As to Johnson's motion for release pending the resolution of the habeas petition, as the habeas petition is now resolved, Johnson's motion is denied as moot. As to Johnson's motion for default judgment, the respondent did timely file a motion to dismiss by the court's deadline of September 21, 2017. Thus, Johnson's motion for default judgment is denied.

of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). For a constitutional claim to be fairly presented to a state court, both the operative facts and the controlling legal principles must be submitted to that court. *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992). Also, the petitioner must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001).

If state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state court review or for taking an appeal, those remedies are technically exhausted; however, exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004).

To overcome procedural default, the petitioner must either demonstrate both cause for and prejudice stemming from his procedural default or be able to establish that the denial of relief will result in a miscarriage of justice. *Id.* (citing *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977)). To prove cause, the petitioner must show "that some type of external impediment prevented [him] from presenting his federal claim to the state courts." *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)). In order to establish prejudice, the petitioner must show that "the violation of [his] federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* (citing *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in

original)). The miscarriage of justice exception requires that the petitioner "show that he is actually innocent of the offense for which he was convicted, i.e., that no reasonable juror would have found him guilty of the crime but for the error(s) that he attributed to the state court." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327–29 (1995)).

In this case, the respondent argues that Johnson's appeal in case no. 2015AP673 concerned only his newly discovered evidence claim. (Resp. Br. at 6.) The respondent argues that Johnson cannot "shoehorn his resentencing claim into 2015AP673 by his 'Motion for Relief' after the court had authored an opinion deciding issues he had properly raised . . . ." (*Id.* at 6-7.) Citing the court of appeals' order remanding case no. 2015AP673 for fact finding regarding the affidavits submitted as newly discovered evidence, Johnson argues that the trial court did not have jurisdiction to resentence him or "do anything other than what the Court of Appeals instructed the Trial Court to do," thus it was proper for him to file his "Motion for Relief" in the court of appeals. Johnson further argues that he presented his constitutional claims to the Wisconsin Supreme Court; however, his petition was denied because he did not pay the filing fee. Johnson argues that he was unable to submit his affidavit of indigency to waive the filing fee because he was prevented access to a notary due to being in segregation. (*Id.* at 5; Docket # 1 at 3-4.)

Johnson has not exhausted his claims. Again, Johnson appealed the circuit court's decision denying his § 974.06 motion in which he raised claims of newly discovered evidence in the form of affidavits from several individuals allegedly admitting their involvement in the crimes of which Johnson was convicted, and contending that evidence showed that a police officer compelled one of the witnesses at Johnson's trial to lie. While Johnson is correct that the court of appeals remanded the case on February 1, 2016 for fact finding and retained jurisdiction over the appeal, the fact

finding related to the authenticity of the submitted affidavits. (Docket # 15-3 at 6.) Johnson's sentencing modification motion, filed subsequent to his appeal in case no. 2015AP673, raised entirely independent issues from those raised in the appeal. Thus, as the court of appeals stated, Johnson needed to separately appeal Judge Cimpl's June 2, 2016 order denying his motion for sentence modification. Filing a "Motion for Relief" in the court of appeals after Johnson's appeal in case no. 2015AP673 concluded did not properly allow the court of appeals the opportunity to address Johnson's arguments. Because Johnson failed to invoke one complete round of the normal appellate process, Johnson procedurally defaulted his claims.

Again, to overcome procedural default, Johnson must show either both cause for and prejudice stemming from his procedural default or be able to establish that the denial of relief will result in a miscarriage of justice. Johnson does not attempt to establish either exception. For these reasons, Johnson has not overcome his procedural default and thus is not entitled to habeas relief.

**CERTIFICATE OF APPEALABILITY**

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4).

When the case is resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Section 2253 mandates that both showings be made before a certificate of appealability is granted. *Id.* at 485. Each component of the § 2253(c) showing is part of a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.*

Jurists of reason would not find it debatable that my finding that Johnson's claims are barred by procedural default is correct. Thus, I will deny Johnson a certificate of appealability. Of course, Johnson retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss (Docket # 14) is **GRANTED** and the petitioner's petition for a writ of habeas corpus (Docket # 1) is **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner's motion for release pending resolution of the habeas petition (Docket # 13) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the petitioner's motion for default judgment (Docket # 16) is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 29th day of January, 2018.

>BY THE COURT
>
>*s/Nancy Joseph*
>NANCY JOSEPH
>United States Magistrate Judge